Kenneth **MERRITT**, Plaintiff–Appellant,

v.

G. Michael **BROGLIN**, Superintendent, Defendant-Appellee.

No. 87–2884.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 8, 1988.

Decided March 2, 1988.

Kenneth Merritt, pro se.

William Patrick Glynn, II, Deputy Atty. Gen., Indianapolis, Ind., for defendant-appellee.

Before FLAUM, EASTERBROOK, and RIPPLE, Circuit Judges.

PER CURIAM.

The district court entered final judgment in this civil rights suit on October 6, 1987, and the plaintiff filed a notice of appeal on November 17, beyond the 30 days provided by Fed.R.App.P. 4(a). On November 24 we issued an order informing Merritt that he could proceed only if the district court determined that the delay was attributable to excusable neglect. The motion had to be filed in the district court "not later than 30 days after the expiration of" the time to appeal, Rule 4(a)(5)—that is, by December 5.

Merritt filed the necessary motion in the district court, explaining that difficulties at his prison caused the delay. He attached a copy of our order. The district court refused to accept the motion for filing. Instead the clerk of that court returned it to Merritt with a letter reading in full: "Your case is now in the Court of Appeals. All motions must be directed to their attention." The letter is undated. The clerk did not put a date stamp on Merritt's motion or make any entries on the docket sheet.

The clerk's letter does not cite a basis for the court's refusal to accept Merritt's motion. A motion under Rule 4(a)(5) *must* be filed in the district court. See Rule 26(b). The district court's treatment of this motion has caused delay in the consideration of the case; worse, the neglect to put a date stamp on the motion has created a new and unnecessary issue—whether the motion itself is timely. Cf. *American Interinsurance Exchange v. Occidental Fire & Casualty Co.*, 835 F.2d 157, 159–60 (7th Cir.1987).

The district court has declined to exercise jurisdiction vested in it. The fulfillment of that court's duties is a precondition to the exercise of appellate jurisdiction. We therefore issue a writ of mandamus, see 28 U.S.C. § 1651(a), directing the district court to hold such evidentiary proceedings as are necessary to determine when the motion was filed, and if the motion was timely to determine whether excusable neglect permits the belated filing of the notice of appeal.