**Josh TUNCA, M.D., Plaintiff–Appellant,**

v.

**LUTHERAN GENERAL HOSPITAL, a chartered Illinois hospital and the Board of Directors of Lutheran General Hospital, Defendants–Appellees.**

No. 87–2107.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 4, 1988.

Decided April 6, 1988.

Jeremy Hobbs, Chicago, Ill., for plaintiff-appellant.

Michael J. Koenigsknecht, Gardner, Carton & Douglas, Chicago, Ill., for defendants-appellees.

Before CUDAHY, EASTERBROOK and KANNE, Circuit Judges.

KANNE, Circuit Judge.

When Dr. Josh Tunca initially sought staff privileges with Lutheran General Hospital as a gynecologist and oncologist, his application was denied. The hospital subsequently developed a procedure for reviewing staff applications, as required by Illinois statute. Various boards at Lutheran General then reconsidered Dr. Tunca's application, conducted hearings and again denied his application. Dr. Tunca's counsel was present at these hearings and repeatedly objected to statements criticizing Dr. Tunca's ability. Dr. Tunca claims that these statements were hearsay and improperly considered by the hospital. He filed suit in district court alleging a violation of 42 U.S.C. § 1983. The district court granted the hospital's motion to dismiss, based on its determination that Lutheran General Hospital was a private institution and not a state actor under § 1983. Dr. Tunca's motion to alter or amend the dismissal was

denied, as was his subsequent motion for reconsideration. We affirm the district court's denial of the motion for reconsideration, and dismiss the remainder of Dr. Tunca's claims for lack of jurisdiction.

## I.

The first issue to be resolved is whether we have jurisdiction to hear this matter.

Plaintiff's complaint was dismissed on March 23, 1987. On May 8, 1987, the district court denied his motion to alter or amend. Dr. Tunca then filed a motion for reconsideration which the district court denied on June 10, 1987. On July 9, 1987, he filed a notice of appeal. Although Dr. Tunca's appeal was timely with regard to the motion for reconsideration filed on June 10, 1987, it was untimely as to the dismissal and the court's denial of the motion to alter or amend.

The time limits for filing a notice of appeal are specified by Rule 4, Fed.R. App.P.; *Merritt v. Broglin*, 841 F.2d 184, 185 (7th Cir.1988) (per curiam); *Marane, Inc. v. McDonald's Corp.*, 755 F.2d 106, 110 (7th Cir.1985). Fed.R.App.P. 4(a) provides, in pertinent part:

(1) In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from; ....

Dr. Tunca's attempt to appeal both the May 8, 1987 denial of his motion to alter or amend and the March 23, 1987 dismissal clearly did not comply with the thirty-day provision of Rule 4(a). As a result, this court only has jurisdiction over Tunca's appeal of the district court's denial of his motion for reconsideration. As we held in *Marane*, we can only consider whether the denial of the motion to reconsider was an abuse of discretion; we cannot reach the merits of the underlying judgment. *Marane*, 755 F.2d at 112.

We now focus on whether the district court abused its discretion in denying

Dr. Tunca's motion to reconsider. Plaintiff argues that by denying his motion to alter or amend *before* his reply memorandum was due, the district court lulled him into a reasonable belief that the time for filing his appeal was tolled because the denial of the motion to amend would be vacated. He contends that this was an "oversight" by the trial court which, when coupled with the fact that the court granted his motion for reconsideration for the purpose of considering his reply brief, reasonably led Dr. Tunca to believe his time for appeal was extended. He claims that because he was misled by the trial court, he is entitled to a late filing under *Thompson v. INS*, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964).

██ We do not agree that the district court misled plaintiff's counsel regarding the tolling of the time for filing his notice of appeal. Untimely motions under Fed.R. Civ.P. 59(e) do not extend the period for filing a notice of appeal. *Browder v. Director, Dept. of Corrections*, 434 U.S. 257, 264–265, 98 S.Ct. 556, 560–561, 54 L.Ed.2d 521 (1978); *Marane*, 755 F.2d at 110. J. MOORE & B. WARD, Moore's Federal Practice Par. 204.12[2], pp. 4–701–4–73 (2d ed. 1983). Further, the thirty-day period cannot be extended. *Martinez v. Trainor*, 556 F.2d 818 (7th Cir.1977).

## II.

Even if we had jurisdiction over Dr. Tunca's appeal of the dismissal of his claim, that claim did not establish a cause of action under 42 U.S.C. § 1983.

██ In order to violate § 1983, the defendant must be a state actor. *Ezpeleta v. Sisters of Mercy Health Corp.*, 800 F.2d 119 (7th Cir.1986). Accordingly, the misconduct must have been directed by the State of Illinois. *See generally Monroe v. Pape*, 365 U.S. 167, 184–88, 81 S.Ct. 473, 482–85, 5 L.Ed.2d 492 (1961); *Cannon v. University of Chicago*, 559 F.2d 1063 (7th

Cir.1977), *rev'd on other grounds*, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979). There is no proof here beyond Dr. Tunca's "say so" that the hospital's consideration of the alleged hearsay was directed by the State of Illinois. Further, nowhere does the plaintiff contend that the state owns or controls Lutheran General Hospital.

Relying on *Albert v. Carovano*, 824 F.2d 1333 (2nd Cir.1987), Dr. Tunca asks us to find that the required nexus exists between the hospital and the state. The hospital is a state actor for § 1983 purposes, he claims, because the Hospital Licensing Act[1] requires that "due process and fair hearing" be provided to applicants for medical staff privileges and he alleges that "the State's comprehensive, compelling, regulatory scheme renders the hospital a state actor for purposes of § 1983."

The district court determined that Illinois law merely compelled the hospital's staff admission practices to constitute "a medical judgment made by professionals." It neither required nor authorized the hospital to follow the Federal Rules of Evidence and did not explicitly outline any particular procedures for reviewing medical staff applications.[2]

Dr. Tunca's allegation that Lutheran General is a state actor simply because the State of Illinois requires it to develop procedural guidelines for considering applicants for medical staff privileges is not supported by the law in this circuit. Other institutions such as banks, insurance companies, railroads, barber shops, and restaurants are regulated in some aspect by the state. However, for purposes of § 1983, state regulation does not necessarily command a finding of "state action" status. Plaintiff cannot survive defendant's motion to dismiss because he is unable to demonstrate that Lutheran General Hospital is a state actor. Since he had not established a

---

1. 77 Ill.Admin.Code § 250–310(a)(3) (1984).

2. How such pinpointed misconduct was directed by the state is unexplained. Dr. Tunca asserts that damaging material in the form of a letter of recommendation and another physi-

cian's telephone conversation with a board member, constituted hearsay in the state mandated hearing and would have been inadmissible under the Federal Rules of Evidence.

nexus between the state and the defendant, he cannot pursue his § 1983 claim.

In *Ezpeleta,* a case also involving a private hospital's staffing decisions, this court clearly held that "an action under § 1983 is only available if the state action is present." We conclusively determined that the:

> [u]ltimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the 14th Amendment: is the alleged infringement of federal rights 'fairly attributable to the state?' ... The state normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice in law be deemed to be that of the state. (Cite omitted.) ... The decision at issue here, the decision to terminate staff privileges at a private hospital, cannot be fairly attributed to the state. Only private actors are responsible for the decision to terminate Dr. Ezpeleta. *Ezpeleta,* 800 F.2d at 122.

Plaintiff accuses the district court of erroneously relying on *Ezpeleta.* He asserts that Illinois regulations specifically mandated *procedural* due process, whereas the plaintiff in *Ezpeleta* tried to classify the hospital as a state actor with respect to a *substantive* decision on the plaintiff's qualifications. However, this procedural versus substantive delineation is not relevant. As discussed earlier, the real question to be resolved is whether Lutheran General is a state actor for § 1983 purposes. We agree with the district court and find that it is not.

### III.

◼ Not only has Dr. Tunca failed to demonstrate that we have jurisdiction over the motion to dismiss or that Lutheran General is a state actor, he has not established that he has a property right to a due process hearing under Illinois law. In *Illinois Psychological Association v. Falk,* 818 F.2d 1337 (7th Cir.1987) we held that a plaintiff must show a protected due process

interest such as life, liberty, or property and a denial of due process in order to recover in an action such as this. There we found "the removal of the privilege, without exclusion, formal or practical, from the occupation is ... not a deprivation of occupational liberty." *Falk,* 818 F.2d at 1344.

There is clearly no constitutionally protected right to be able to practice medicine at the hospital of one's choice. In *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), the United States Supreme Court found that more is needed to establish a legitimate claim of entitlement than plaintiff's abstract need or desire. *See also Mauer v. Highland Park Hospital Foundation,* 90 Ill.App.2d 409, 232 N.E.2d 776 (1967). Without demonstrating a protected life, liberty or property interest in obtaining the hospital staff position, Dr. Tunca has no due process entitlement. *Roth; Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974). Further, Illinois law does not grant Dr. Tunca the right to practice at the hospital of his choice. *Jain v. Northwest Community Hospital,* 67 Ill.App.3d 420, 24 Ill.Dec. 341, 385 N.E.2d 108 (1978).

### IV.

We are properly vested with jurisdiction over the appeal of Judge Norgle's June 10, 1987 order denying Dr. Tunca's motion for reconsideration. We affirm the district court with respect to its denial of that motion.

Because the notice of appeal was not timely filed, we do not have jurisdiction to review the trial court's motion to dismiss. However, even if we were able to reach the dismissal of Dr. Tunca's claims, his case is fatally flawed. Lutheran General Hospital is not a state actor under 42 U.S.C. § 1983, nor has Dr. Tunca established a property deprivation.

Accordingly, we AFFIRM the district court as to the denial of the motion to reconsider

and DISMISS the balance of the issues on appeal.