Benjamin K. SWARTZ, Jr.,
Plaintiff–Appellant,

v.

David L. SCRUTON, Board of Trustees of Ball State University and John E. Worthen, as President of Ball State University, Defendants–Appellees.

No. 91–2727.

United States Court of Appeals,
Seventh Circuit.

Argued April 2, 1992.

Decided May 15, 1992.

Alan K. Wilson (argued), Muncie, Ind., for plaintiff-appellant.

Scott E. Shockley, Asst. U.S. Atty., and Jon H. Moll (argued), Defur, Voran, Hanley, Radcliff & Reed, Muncie, Ind., for defendants-appellees.

Before FLAUM and RIPPLE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

Benjamin K. Swartz, Jr., a professor in the Department of Anthropology at Ball State University (BSU), brought this action against his employer and two of its officials when his department failed to adhere to a previously outlined method of calculating merit pay increases and allegedly awarded him a lesser merit pay increase instead. Swartz sued under 42 U.S.C. § 1983, alleging that his department's failure to apply its method for determining merit pay was irrational and arbitrary in violation of his Fourteenth Amendment substantive due process rights.

Swartz sought legal and equitable relief from the Board of Trustees of BSU, David L. Scruton (anthropology department chairman), and John E. Worthen (President of BSU). The district court granted summary judgment in favor of all defendants after the defendants filed a motion to dismiss Swartz's complaint along with a supporting affidavit. *See* Fed.R.Civ.P. 12(b). First, the district court determined that neither BSU, as an arm of the State of Indiana, nor Scruton and Worthen in their official capacities, can be sued for damages under section 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989). Second, the district court held that Swartz had not stated an adequate claim for damages against either Scruton or Worthen in their individual capacities because his complaint did not expressly state that he was suing either defendant in his individual capacity as required by this circuit. *Kolar v. County of Sangamon*, 756 F.2d 564, 568 (7th Cir.1985) (court will ordinarily assume a defendant is sued only in his official capacity unless complaint expressly states otherwise). Finally, the district court held that as to Swartz's claim for injunctive relief (and even if he had sued Scruton and Worthen in their individual capacities), his complaint did not allege a constitutionally protected property interest and thus did not state a claim under section 1983.

Swartz now asserts that the district court erred in two respects: first, by holding that his complaint did not adequately allege a constitutionally protected property interest and second, by holding that his complaint did not adequately state a claim for damages against Scruton in his individual capacity. We agree with the district court that Swartz has not adequately alleged a constitutionally protected property interest, making it unnecessary for us to reach Swartz's second allegation of error. Accordingly, we affirm.

I.

Three tiers of guidelines are generally involved in determining merit-based salary increases at BSU. The "Ball State University Guidelines for Annual Salary Adjustments Faculty and Professional Staff" (University Guidelines), the "Official College Salary Plan" (College Plan), and the "Department of Anthropology Salary Plan

for 1985" (Department Plan) are relevant here. The University Guidelines set the general salary policies of BSU by which funds are allocated to various salary units (in this case the College of Sciences and Humanities). The College Plan then details how its allocation will be apportioned among various subunits (in this case the Department of Anthropology). The University Guidelines require that each subunit distribute at least 15% of its total annual funds on merit criteria; the College Plan leaves to the subunits the task of determining how to effect this annual merit-based distribution.

As required, the Department of Anthropology devised a Department Plan to determine who would receive a merit-based pay increase and the amount of that increase. In 1985, the Department Plan based its entire distribution of funds on merit.[1] The process required each faculty member within the department to rate, on a scale of 0 to 4, other members' performance in the areas of teaching, research and service. Under the Department Plan, an average rating of 0.5 or below for the three areas was considered "unsatisfactory" and excluded a faculty member receiving such a rating from further consideration for a merit pay increase. All other faculty members were deemed "satisfactory." The chairman, who had the discretion to adjust each score by three points in any one category, then totaled each faculty member's scores in each category. According to the Department Plan, the chairman then multiplied the total raw scores in each category by pre-assigned weighting factors (40% for teaching, 30% for scholarship, and 30% for service) to obtain a total number of points for each faculty member adjudged satisfactory. Next, the chairman calculated a grand total of points by adding together each faculty member's total points; he then divided the grand total by the amount of salary money to be distributed to determine the salary increment per point. Finally, the chairman multiplied the salary increment per point by the number of points each satisfactory faculty member received to determine individual raises. At this point, the chairman would notify each faculty member of his or her ratings and merit-based increase, if any. The Department Plan provided an appeals procedure for faculty members dissatisfied with his or her merit pay raise (or lack thereof). The College Plan provided a further appeals procedure.

Shortly after the Department Plan's rating procedure began in April 1986, however, Scruton (with permission of the acting Dean of the College of Sciences and Humanities) decided not to follow the Department Plan.[2] Scruton then awarded Swartz $1,460.00 as a merit pay increase under a new allocation formula he had devised. Swartz claims that he would have been entitled to $2,840.48 if the original procedure had been followed.

## II.

A substantive due process claim can be brought in the context of property interests. *New Burnham Prairie Homes, Inc. v. Village of Burnham*, 910 F.2d 1474, 1480 (7th Cir.1990). One prerequisite for a cognizable claim, however, is an underlying constitutionally protected property interest. *Id.* While an underlying substantive interest may derive from sources such as state laws, rules or understandings, *see Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); *Hohmeier v. Leyden Community High School District 212*, 954 F.2d 461, 463–66 (7th Cir. 1992), federal constitutional law determines whether such interests rise to the level of a constitutionally protected property right. *Memphis Light, Gas & Water Division v. Craft*, 436 U.S. 1, 9, 98 S.Ct. 1554, 1560, 56 L.Ed.2d 30 (1978) (citing *Roth*, 408 U.S. at 577, 92 S.Ct. at 2709).

1. During oral argument we requested that the parties address the question of whether subsequent revisions to the Department of Anthropology's plan for merit pay distribution rendered this case or any of its issues moot. We have considered the submissions of both parties in light of the issues presented in this case and have concluded that we have jurisdiction.

2. A factual conflict exists over the reason behind Scruton's decision not to follow the Department Plan. As the district court correctly noted, however, this conflict is of no concern in the absence of a constitutionally protected property interest.

Swartz argues that he enjoys a Fourteenth Amendment property interest "in a *method* of calculation of merit pay." Reply Brief of Appellant at 5 (emphasis in original).[3] We disagree. Procedural interests under state law are not themselves property rights that will be enforced in the name of the Constitution. *Olim v. Wakinekona*, 461 U.S. 238, 248–51, 103 S.Ct. 1741, 1746–49, 75 L.Ed.2d 813 (1983); *Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir.1988) (en banc), *cert. denied*, 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 809 (1989); *Shango v. Jurich*, 681 F.2d 1091, 1100–01 (7th Cir.1982). "Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." *Olim*, 461 U.S. at 250, 103 S.Ct. at 1748. Thus, Swartz's asserted legitimate claim of entitlement to the process—the "method"—by which his merit pay increase is determined is not a constitutionally protected property interest.

Neither does Swartz enjoy, by virtue of a contract, rule or understanding, a legitimate claim of entitlement to a merit pay increase per se. While Swartz may have an expectation of a merit pay increase, he has no property right, contractual or otherwise, to a specific amount of a merit pay increase because his merit pay is based on multiple layers of contingency.[4] *Reed v. Village of Shorewood*, 704 F.2d 943, 948 (7th Cir.1983) ("property is what is securely and durably yours under state ... law, as distinct from what you hold subject to so many conditions as to make your interest meager, transitory or uncertain"). For this reason, the cases cited by Swartz

in which a public employee's contract guarantees future automatic raises of specified amounts, *see, e.g., Rockford Principals and Supervisors Association v. Board of Education*, 721 F.Supp. 948 (N.D.Ill.1989), do not help him.[5] Similarly, Swartz's reliance on *Fleury v. Clayton*, 847 F.2d 1229 (7th Cir.1988), is misplaced. *Fleury* is a procedural due process case in which we reversed a Rule 12(b)(1) dismissal after concluding that a "censure of a physician in Illinois deprives the physician of part of the property interest in his license to practice." *Id.* at 1233. Our focus in *Fleury* was primarily on whether a *deprivation* of a property interest had occurred rather than whether a property interest was present in the first instance. *Fleury* specifically noted that procedures themselves are not property interests. *Id.* at 1231. Moreover, the record discloses that Swartz has availed himself of the appeal process provided by the Department and College Plans, and he does not challenge that process as insufficient.

Finally, assuming for the moment that Swartz might have a contractual right to have his merit pay increase determined under the procedures set forth in the Department Plan, that contract right is not the equivalent of a constitutionally protected property right.

"Even if [Swartz] had a good claim for breach of contract against [the defendants], it would not follow that [he] had a constitutional claim for deprivation of property. Not every contract right is property.... [A] contract which merely creates a right to specified procedures does not create an entitlement upon

---

**3.** At oral argument we specifically questioned Swartz's counsel on the nature of Swartz's asserted property interest. First, we asked Swartz's counsel whether he was asserting a property right in "a particular merit increase" or in a having "a particular procedure applied." Counsel answered that Swartz's asserted property right was "in the method." We then reiterated, "So you have a property interest in the method of computation?" Counsel responded, "Yes, sir, that is exactly right."

**4.** Without canvassing all of the contingencies and conditions to which a merit pay increase at BSU is subject, we note that they include the availability of merit funds at three levels (Uni-

versity, College and Department), the number of faculty members within the department, the performance of each faculty member in three categories, the discretion of each faculty member in the faculty review process, and the discretion of the chairman in evaluating each faculty member.

**5.** Because no rating tabulations were announced, and no merit pay awards were offered, under the original rating procedure, we need not decide whether our analysis would be altered if BSU had announced the results of the rating procedure, offered a particular merit pay increase to Swartz, and then subsequently retracted that award.

which a claim of deprivation of property without due process of law can be founded. To bring a case within the orbit of the property concept there must be a substantive entitlement."

*Campbell v. City of Champaign*, 940 F.2d 1111, 1113 (7th Cir.1991) (citations omitted). Thus, even if BSU's procedures can be construed as providing Swartz a contractual right to a certain method of merit pay calculation, the breach would not be a deprivation of property. *Id.* The district court properly held that Swartz's complaint fails to state a claim for relief under 42 U.S.C. § 1983 because his alleged property interest is not one protected by the Constitution.[6]

AFFIRMED.

---

**6.** Furthermore, Swartz's claim has another fault. Substantive due process claims must allege a violation of some other substantive constitutional right or allege that available state remedies are inadequate. *See, e.g., New Burnham Prairie Homes,* 910 F.2d at 1481 (collecting cases); *Polenz v. Parrott,* 883 F.2d 551, 557–58 (7th Cir.1989); *Kauth v. Hartford Insurance Company of Illinois,* 852 F.2d 951, 958 (7th Cir. 1988). Swartz's claim alleges no such additional violations and is thus deficient on this ground as well.