Jason BERNARD, d/b/a Architectural
Renderings, Plaintiff,

v.

UNITED TOWNSHIP HIGH SCHOOL
DISTRICT NO. 30, Defendant.

No. 91–4099.

United States District Court,
C.D. Illinois,
Rock Island Division.

Sept. 28, 1992.

John F. Doak, Katz, McAndrews, Balch, Lefstein & Fieweger, Rock Island, Ill., for plaintiff.

James J. Zuehl, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for defendant.

## ORDER

MIHM, Chief Judge.

Before the court is the Defendant's Motion to Dismiss. For the reasons set forth below, this motion is GRANTED.

## BACKGROUND

The Plaintiff, Jason Bernard, filed a two count complaint for money damages on December 12, 1991. Count I was brought pursuant to 42 U.S.C. § 1983 alleging that the Defendant, United Township High School District, violated the Plaintiff's First and Fourteenth Amendment rights to draw and market prints of a public building. Count II presents a pendant state law tort claim for the intentional interference with prospective business advantage. The Plaintiff prays for damages in the amount of $25,000.00, attorney fees and prejudgment interest.

The facts taken from Bernard's complaint are as follows. Bernard drew a pen and ink rendering of the North Campus of the United Township High School with the intent to market copies of the drawing through his business, Architectural Renderings. Bernard contacted school officials attempting to negotiate an agreement for the benefit of himself and the School District and/or the school Booster Club from the marketing of these prints. The negotiations being unsuccessful, Bernard printed 1500 copies, intending to market them without School District support.

Bernard alleges that once aware of his intention, school officials and administrators harassed, threatened lawsuits and

were contemptuous against Bernard to prevent the prints from being marketed. After Bernard began marketing the prints through retailers, the Assistant Superintendent of United Township High School District, James P. Biesiadecki, sent a letter dated December 12, 1990, informing numerous individuals and businesses that the School District neither authorized nor endorsed the prints. Bernard contends that the School District's actions intimidated retailers with implicit threats of legal action and retaliation resulting in the removal of the prints from numerous retail stores.

Count I alleges violations of Bernard's First and Fourteenth Amendment constitutional rights. Bernard contends his First Amendment constitutional right of free expression was breached with regard to artistic renditions of public buildings and the marketing thereof. Under the Fourteenth Amendment, Bernard alleges his constitutionally protected liberty or property interest was breached with regard to his business enterprise or occupation.

Bernard professes his business and occupation to be the drafting and marketing of pen and ink architectural renditions. Bernard contends that he has an unrestricted right to draw and market renditions of a public building, and the threats and harassment by school officials and administrators deprived him of his constitutional rights. Bernard also contends the conduct of the School District's agents and employees constituted the School District's custom and policy, thereby making the School District the proper party to this action.

On February 13, 1992, the School District filed this Motion to Dismiss pursuant to Rule 12(b)(6), asserting that allegations of mere harassment and threats are insufficient to state a constitutional claim where Bernard's marketing efforts continued despite the conduct. Moreover, the School District argues that the act of sending a letter did not imply a threat, and even if it did, threats are not actionable under § 1983. Furthermore, the School District contends that Bernard alleges only that some retailers stopped selling his prints,

not that he was deprived of a right to do business.

As for Count II, the School District contends that Bernard's state tort claim arises solely from the December 12, 1990, letter. The School District contends that Bernard failed to allege sufficient facts to support a claim of intentional interference with business advantage. The School District contends the Plaintiff failed to allege that distribution of the letter by the School District was wrongful or failed to allege sufficient facts from which to infer its wrongfulness.

On September 18, 1992, the Court heard oral arguments on the constitutional claims raised in Count I. Following oral argument, the Court orally granted the School District's Motion to Dismiss with leave to amend. Bernard chose not to amend his Complaint. The Court's findings and reasoning are set forth below.

## DISCUSSION

### Motion To Dismiss

In ruling on a Rule 12(b)(6) motion to dismiss, a court must follow

the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. (footnote omitted) *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d, 80, 84 (1957)

This Court must accept "all allegations in the complaint as true." *Collins v. County of Kendall, Ill.,* 807 F.2d 95, 99 (7th Cir. 1986). *See also H.J., Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229, 249–50, 109 S.Ct. 2893, 2906, 106 L.Ed.2d 195 (1989); *Hishon v. King and Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59, 65 (1984); and *Gomez v. Illinois State Board of Education,* 811 F.2d 1030, 1039 (7th Cir.1987).

In order to escape dismissal

a Plaintiff need not set out in detail the facts upon which a claim is based, but must allege sufficient facts to outline the cause of action.

*Marmon Group, Inc. v. Rexnord, Inc.,* 822 F.2d 31, 34 (7th Cir.1987) *quoting Doe v. St. Joseph's Hosp.,* 788 F.2d 411, 414 (7th Cir.1986)

To prevail a defendant "must demonstrate that the plaintiff's claim, as set forth by the complaint, is without legal conse-' quence." *Gomez,* 811 F.2d at 1039.

In determining whether a complaint should be dismissed, "[a] court should give a reasonably tolerant reading to the complaints." *Stewart v. RCA Corporation,* 790 F.2d 624, 632 (7th Cir.1986). A complaint, almost barren to facts, may articulate claims of a specific category upon a liberal reading by the court. *Stewart,* 790 F.2d at 632. If so, the Plaintiff is entitled to try and prove these claims. *Stewart,* 790 F.2d at 632.

*Fourteenth Amendment Due Process*

In setting forth a Fourteenth Amendment due process claim, the plaintiff must establish that he has either a protectible liberty or property interest encompassed by the Fourteenth Amendment, and the defendant deprived him of that interest without the requisite due process. *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 572, 92 S.Ct. 2701, 2706–07, 33 L.Ed. 2d. 548 (1972); *Smith v. Board of Educ. of City of Chicago,* 853 F.2d 517, 520 (7th Cir.1988).

■ Under the concept of liberty, the courts have recognized occupational liberty, the liberty to follow a trade, profession or other calling. *Board of Regents,* 408 U.S. at 572, 92 S.Ct. at 2707; *Lawson v. Sheriff of Tippecanoe County,* 725 F.2d 1136, 1138 (7th Cir.1984). Pursuant to the Fourteenth Amendment, a state actor may not deprive an individual from pursuing his trade or calling without due process. *Lawson,* 725 F.2d at 1138. As acknowledged in the magistrate's recommendation, this concept of trade or calling does not, however, include the right to a particular job. *Wroblewski v. City of Washburn,* 965 F.2d 452, 455 (7th Cir.1992) *citing Lawson,* 725 F.2d at 1138. The Supreme Court made this distinction when it stated, "It stretches the concept too far to suggest that a person is deprived of 'liberty' when he simply is not rehired in one job but remains as free as before to seek another." *Board of Regents,* 408 U.S. at 575, 92 S.Ct. at 2708. Thus, the concept of liberty includes the pursuit of a calling or occupation, not a specific job. *Wroblewski,* at 455.

■ Bernard in this case drew a rendering of a particular public building with the intent to market prints of this rendition for profit through his business, Architectural Renderings. Bernard contends that he has a constitutionally protected liberty interest in the making and marketing of these prints. As for the "making," however, Bernard does not allege that the School District interfered in any way with the actual drawing of this building. The only allegations made in this complaint purports an interference with the profitable marketing of these particular prints. This Court agrees with the magistrate's recommended conclusion that, if anything, the School District's actions only diminished the value of a particular job. Bernard only alleges interference with respect to a particular print. Being an artist is an occupation, but the marketing of a particular print by an artist is not. Bernard did not allege that he was deprived of his occupation as an artist. While Bernard has a protectible liberty interest in his occupation, the interest in which Bernard was allegedly deprived does not rise to the level of a protectible liberty interest under the Fourteenth Amendment.

■ Unlike liberty, a protectible interest in property is created and defined by sources independent of the Constitution. *Board of Regents,* 408 U.S. at 578, 92 S.Ct. at 2709; *Campbell v. Miller,* 787 F.2d 217, 222 (7th Cir.), *cert. denied,* 479 U.S. 1019, 107 S.Ct. 673, 93 L.Ed.2d 724 (1986). Property interests are secured by "existing rules or understandings" that support a claim of entitlement to a benefit. *Perry v. Sindermann,* 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972) *citing Board of Regents,* 408 U.S. at 571–572, 92 S.Ct. at 2709; *Hannon v. Turnage,* 892 F.2d 653, 656 (7th Cir.), *cert. denied, Hannon v. Derwinski,* —— U.S. ——, 111 S.Ct.

69, 112 L.Ed.2d 43 (1990). To establish a legitimate claim of entitlement, more is needed than an individual's abstract need or desire. *Tunca v. Lutheran General Hosp.*, 844 F.2d 411, 414 (7th Cir.1988). "The great weight of a loss does not amount to property if there is no legitimate claim of entitlement." *Fleury v. Clayton*, 847 F.2d 1229, 1231 (7th Cir.1988) *citing Meachum v. Fano*, 427 U.S. 215, 225–29, 96 S.Ct. 2532, 2538–41, 49 L.Ed.2d 451 (1976).

■ Bernard contends he has a property interest with regards to his business enterprise and/or occupation. In support of this contention, Bernard cites to *Board of Regents.* In addressing the issue of a protectible interest to engage in a business enterprise or occupation, however, the Supreme Court in that case discussed only a liberty interest to engaged in a common occupation free from governmental damage to individual reputation. *Board of Regents*, 408 U.S. at 572–575, 92 S.Ct. at 2706–08. On the issue of what constitutes a protectible property interests, the Supreme Court stated that these interests are created by "rules and understandings that stem from an independent source [other than a constitutional source] such as state law." *Board of Regents*, 408 U.S. at 577, 92 S.Ct. at 2709; *See Swartz v. Scruton*, 964 F.2d 607, 609 (7th Cir.1992). To bring this case within the concept of a constitutionally protectible property interest, Bernard must establish the existence of a substantive entitlement. *See Campbell v. City of Champaign*, 940 F.2d 1111, 1113 (7th Cir.1991).

Bernard cites to *Cowan*, a Fifth Circuit case, for the proposition that the opportunity to pursue a livelihood is a constitutionally protected property interest. *Cowan v. Corley*, 814 F.2d 223, 227 (5th Cir.1987). In *Cowan*, the county sheriff issued requirements precluding the plaintiff from contracting to tow vehicles for the county unless he joined the county wrecker association. Cowan joined the association and was later summarily expelled. The *Cowan* court did not actually hold that Cowan had a property interest based on these facts. That court simply found that a Rule 12(b)(6) dismissal would be premature based on these facts.

■ The *Cowan* case does not help Bernard. Bernard did not allege that the School District placed any requirements on marketing the prints or that the School District restricted him from entering into contracts. Bernard has only asserted an unilateral expectation with regards to marketing the prints, not an entitlement. Unilateral expectations will not create a protectible interest in property. For this Court to conclude otherwise would effectively extend a protectible property interest to the mere opportunity to market prints of a particular drawing through the retailers of his choice. *See Tunca v. Lutheran General Hosp.*, 844 F.2d 411, 414 (7th Cir. 1988) (a doctor has no protectible property right to practice at the hospital of his choice).

■ Even assuming a constitutionally secured liberty or property interest existed, Bernard must also plead sufficient facts demonstrating that the School District actually deprived him of that interest. In a cause of action brought pursuant to 42 U.S.C. § 1983, a pleading alleging the possibility of remote or speculative future injury or invasion of rights is insufficient to state a claim. *Reichenberger v. Pritchard*, 660 F.2d 280, 285 (7th Cir.1981). Bernard must allege an actual injury resulting from the deprivation. *Vaden v. Village of Maywood, Ill.*, 809 F.2d 361, 366 (7th Cir.), *cert. denied*, 482 U.S. 908, 107 S.Ct. 2489, 96 L.Ed.2d 381 (1987) *citing Reichenberger*, 660 F.2d at 284–85.

Bernard alleges here that retailers removed his prints from their shelves based on threats and harassment from school officials. Bernard has filed a complaint, a memorandum in opposition to this Motion, and an objection to the magistrate's recommendation without pointing to any specific showing of actual injury. The pleading has not demonstrated that the School District foreclosed him from drawing or marketing prints from other renditions. Bernard in fact continued to market these particular prints.

■ Specifically, the pleading alleges only that the School District sent a letter to local retailers implying threats and legal retaliation. Bernard did not support these allegations with sufficient facts to state a claim. In the Seventh Circuit, a plaintiff cannot state a claim under § 1983 by making bare legal conclusions without revealing any facts upon which those conclusions are based. *Strauss v. City of Chicago,* 760 F.2d 765, 767 (7th Cir.1985); *Martin v. O'Grady,* 738 F.Supp. 1191 (N.D.Ill.1990). A liberal reading of these pleadings only demonstrates that Bernard could not strike an agreement with the School District, that Bernard marketed the prints anyway, that the School District notified local retailers that it neither endorsed nor profited from the sale of these particular prints, and that some retailers subsequently removed the prints from their store shelves. Bernard has not demonstrated that the School District deprived him of a constitutionally protected liberty or property interest. Based on the pleadings, these facts do not support a Fourteenth Amendment due process claim.

### First Amendment Freedom Of Expression

■ The First Amendment includes several distinct rights which may be grouped under the category "freedom of expression": freedom of speech; of assembly; of association; of press; etc.. Bernard alleges that his First Amendment "constitutional right to free expression with regard to artistic renditions of public buildings and the marketing thereof" has been breached. Bernard, however, does not allege that the School District attempted to interfere with his actual drawing of the building. Bernard stated that he "possessed the unrestricted right to draw renditions of the ... public building," but the pleading does not allege that the School District even discouraged this activity. The only allegation made by Bernard is directed toward the attempted marketing of prints made from the drawing after it was drawn.

■ It is the purpose of the First Amendment to preserve an uninhibited market place of ideas in which truth will ultimately prevail. *Red Lion Broadcasting Co. v. FCC,* 395 U.S. 367, 89 S.Ct. 1794, 23 L.Ed.2d 371 (1969). If a governmental regulation does not restrict speech, but simply prohibits or regulates the commercial marketing of items, the restriction does not embrace non-commercial speech. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 496, 102 S.Ct. 1186, 1192, 71 L.Ed.2d 362, *reh'g. denied,* 456 U.S. 950, 102 S.Ct. 2023, 72 L.Ed.2d 476 (1982). Bernard did not assert that his placing the prints into the marketplace was motivated by a desire to communicate ideas or inform customers who purchased them. *See Hoffman Estates,* 455 U.S. at 496 n. 8, 102 S.Ct. 1192 n. 8. To the contrary, Bernard stated that he negotiated the marketing of the prints solely for profit. This leaves the Court to conclude that Bernard based his claim on the protection of commercial speech.

■ The core notion of commercial speech is that the speech does no more than propose a commercial transaction. *Bolger v. Youngs Drug Products Corp.,* 463 U.S. 60, 66, 103 S.Ct. 2875, 2880, 77 L.Ed.2d 469 (1983). Applying the law to these facts begs the question of whether the marketing of prints raises to the level of speech, commercial or otherwise. The fact that Bernard was economically motivated in marketing the prints would be insufficient in itself to turn the prints into commercial speech. *Bolger,* 463 U.S. at 67, 103 S.Ct. at 2880 *citing Bigelow v. Virginia,* 421 U.S. 809, 818, 95 S.Ct. 2222, 44 L.Ed.2d 600 (1975). Bernard must show that he is conveying at least some information through the prints. *See Aiello v. Kingston,* 947 F.2d 834, 836 (7th Cir.1991) (holding that lottery tickets are commerce, not speech).

■ A liberal reading of the pleadings will not hurdle this barrier. This Court finds nothing to even suggest the prints were intended to convey or advertise any message or information. Bernard has not supported his claim with authority on this issue, and the Court finds nothing coming close to the facts of this case to support a

claim based on freedom of expression. The pleading does not even indicate that the School District's conduct acted as a regulation on speech. For these reasons, the court finds that insufficient facts were alleged to outline a First Amendment cause of action.

## CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss is GRANTED. The pendant state claim raised in Count II for the tortious interference with prospective business advantage is also dismissed without prejudice. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).