991 F.2d 810
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re HALLIBURTON COMPANY, Petitioner.
 Misc. No. 371.
 United States Court of Appeals, Federal Circuit.
 March 12, 1993.
 
 Before ARCHER, Circuit Judge, BENNETT, Senior Circuit Judge, and MICHEL, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 MICHEL, Circuit Judge.
 
 ORDER
 
 1
 Halliburton Company petitions for a writ of mandamus directing the United States District Court for the Southern District of Texas to vacate its March 4, 1993 order. Louis J. Wardlaw, III and Joe A. Young oppose.
 
 
 2
 This matters stems from Wardlaw and Young's patent infringement suit against Halliburton. Following a jury trial, the jury returned a verdict that Wardlaw and Young's patent was not invalid, that Halliburton infringed certain claims of the patent, and that the infringement was willful. The court awarded treble damages and attorney fees and judgment was entered on February 26, 1993.
 
 
 3
 Halliburton filed a Fed.R.Civ.P. 59(e) motion to alter or amend the judgment. Halliburton states that it intended to file additional post-judgment motions also. The time limit for any party to file any post-judgment motions is March 15, 1993.
 
 
 4
 On March 4, 1993, the district court denied Halliburton's R. 59(e) motion and further ordered that:
 
 
 5
 no party in this case file anything further before this Court. The Court will not grant, and is not interested in considering, motions to amend judgment, motions for judgment notwithstanding the verdict, motions for new trial, or any other sorts of motions. The Court is in complete agreement with the substance of the jury verdict, and has ruled regarding all remaining issues in the case. The cost issue has been resolved. This Court must now turn its attention to the some 550 other civil disputes, and more than 40 criminal cases, presently pending on one of the largest dockets in the Country. None of the foregoing filings are required for proper appellate scrutiny, and the filing of anything further in this Court, in the absence of the exhaustion of such appellate scrutiny, will constitute an act of contempt, for which appropriate sanctions will issue.
 
 
 6
 As Halliburton points out, the Federal Rules of Civil Procedure permit any party to file timely post-judgment motions. Further, this court has stated that the failure to file certain post-judgment motions will result in limited appellate review. Biodex Corp. v. Loredan Biomedical, Inc., 946 F.2d 850, 862 (Fed.Cir.1992) ("Biodex's failure to present the district court with a post-verdict motion precludes appellate review of sufficiency of the evidence.") Wardlaw and Young's argument that Halliburton filed a lengthy addendum to its proposed judgment does not negate Halliburton's right to file any post-judgment motions authorized by the rules.
 
 
 7
 Mandamus has traditionally been used to confine a trial court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so. Gulfstream Aerospace Corp. v. Mayacamas, 485 U.S. 271, 289 (1988). For example, mandamus has been granted to compel a district court to accept the filing of a motion to extend the time to appeal, Merritt v. Broglin, 841 F.2d 184 (7th Cir.1988), to compel a district court to consider a motion for leave to amend an answer to a complaint, Richardson Greenshields Securities, Inc. v. Lau, 825 F.2d 647 (2d Cir.1987), and to vacate an order denying both sides right to employ preemptory challenges, Maloney v. Plunkett, 854 F.2d 152 (7th Cir.1988).
 
 
 8
 In Richardson, the Second Circuit stated that absent extraordinary circumstances, "a [district] court has no power to prevent a party from filing pleadings, motions or appeals authorized by the Federal Rules of Civil Procedure." Richardson, 825 F.2d at 652. We are in agreement with this principle.
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 Halliburton's petition is granted. The district court's order is vacated and the district court is directed to allow the filing of motions authorized by the Federal Rules of Civil Procedure.