**LETISHA A., Ricky F., Ramon F., Latoya C., Nancy I., April M., Tenesha M., Tawana B., Georgia W., Gregory S., and Charletta M., minors, by their next friend and Guardian ad litem, Patrick T. MURPHY, the Cook County Public Guardian, Plaintiffs,**

v.

**Gary T. MORGAN, Guardianship, Administrator, Illinois Department of Children and Family Services, Thomas Finnegan, Administrator of Cook County Operation, Illinois Department of Children and Family Services, Chris Benson, Administrator of Licensing, Illinois Department of Children and Family Services, Diane Brady, Administrator of Direct Services, Illinois Department of Children and Family Services, Carolyln Redd, Child Welfare Specialist, Illinois Department of Children and Family Services, Milton Pope, Child Welfare Specialist, Illinois Department of Children and Family Services, Leonard Johnson,**

Child Welfare Specialist, Illinois Department of Children and Family Services, Tressie Harris, Child Welfare Specialist, Illinois Department of Children and Family Services, John Minard, Child Welfare Specialist, Illinois Department of Children and Family Services, Julia Woods, Child Welfare Specialist, Illinois Department of Children and Family Services, Leon Rogers, Child Welfare Specialist, Illinois Department of Children and Family Services, Warren Hendon, Child Welfare Specialist, Illinois Department of Children and Family Services, Hendez Flynn, Child Welfare Specialist, Illinois Department of Children and Family Services, Englewood Health Services, Inc., an Illinois corporation, Haroon Ansari, Director, James Bank Memorial Home, Travis Baldwin, Past Director, James Banks Memorial Home, Defendants.

No. 93 C 4643.

United States District Court, N.D.Illinois, Eastern Division.

June 16, 1994.

Peter J. Schmiedel, People's Law Offices, Chicago, IL, Kass A. Plain, Charles Perez Golbert, Cook County Public Guardian, Chicago, IL, for plaintiffs.

Donald E. Stellato, James Scott McMahon, Esther Joy Schwartz, Michael G. Vranicar, Stellato & Schwartz, Ltd., Chicago, IL, for

Englewood Health Services Inc., Haroon Ansari, Travis Baldwin.

## OPINION AND ORDER

NORGLE, District Judge:

. Before the court is the motion of defendants Englewood Health Services ("EHS"), Haroon Ansari ("Ansari"), and Travis Baldwin ("Baldwin") (collectively "private defendants") to dismiss the first amended complaint to the extent it is directed against them.[1] For the following reasons, the motion is granted.

## FACTS [2]

Plaintiffs Letisha A., Ricky F., Ramon F., Latoya C., Nancy I., April M., Tenesha M., Tawana B., Georgia W., Gregory S., and Charletta M. (collectively "minor plaintiffs") were removed[3] from the custody of their natural parents by order of the Circuit Court of Cook County, Juvenile Division, Illinois ("Juvenile Court"), after judicial findings of child abuse and neglect. The Juvenile Court placed minor plaintiffs in the custody of the Illinois Department of Children and Family Services ("DCFS"). Subsequently, DCFS placed them in James Bank Memorial Home ("Memorial Home"), located at 320 West 59th Street in Chicago, Illinois.

Memorial Home is owned and operated by EHS, a private Illinois corporation. In exchange for monetary consideration from DCFS, Memorial Home contractually agreed to provide residential care, supervision, training, and other development services to minor plaintiffs. Minor plaintiffs resided at Memorial Home for at least nine months before

they were removed from Memorial Home by a state court order on July 2, 1993. The amended complaint describes Memorial Home as an ill maintained cesspit, located in a high crime area, with inadequate security, supervision, and food to afford the necessary protection for minor plaintiffs.[4]

Subsequent to their removal from Memorial Home, the instant action followed pursuant to 42 U.S.C. § 1983. Minor plaintiffs claim, *inter alia*, that private defendants acted under color of state law when they violated minor plaintiffs' constitutional rights and, thus, are liable under § 1983. In response to the amended complaint, private defendants filed the instant motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

## DISCUSSION

■ On a motion to dismiss, all well-pleaded factual allegations are presumed to be true. *Land v. Chicago Truck Drivers*, 25 F.3d 509, 511 (7th Cir.1994); *Johnson v. Martin*, 943 F.2d 15, 16 (7th Cir.1991). The court must view those allegations in the light most favorable to the plaintiff, *Gomez v. Illinois State Board of Education*, 811 F.2d 1030, 1039 (7th Cir.1987), and all reasonable inferences to be drawn from those allegations are also accepted as true. *Meriwether v. Faulkner*, 821 F.2d 408, 410 (7th Cir.), *cert. denied*, 484 U.S. 935, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987). The court is not, however, constrained by the legal characterizations placed on those allegations by plaintiff. *Republic Steel Corp. v. Pennsylvania Eng'ing Corp.*, 785 F.2d 174, 183 (7th Cir.1986).

---

1. The amended complaint at law names sixteen defendants, but none of the constitutional infringement claims are stated in separate counts as required by Fed.R.Civ.P. 10(b). Designation of claims against various defendants in separate counts would prevent potential confusion in the record. The court suggests the attorneys for minor plaintiffs to follow the Federal Rules of Civil Procedure when filing pleadings in the United States District Court.

2. The following facts are drawn from plaintiffs' amended complaint at law which was filed on October 21, 1993.

3. It is not clear from the amended complaint whether the removal of minor plaintiffs followed

a termination of the natural parents' rights of each or any of minor plaintiffs.

4. At a status hearing in open court, counsel for minor plaintiffs advised the court that certain minor plaintiffs had been raped. The court inquired as to the names of the rapists and whether counsel had brought these matters to the attention of the Chicago Police Department and the Cook County State's Attorney's Office. The court reminded counsel of their duty beyond this civil action. Minor plaintiffs' counsel responded at the status that they will reveal the relevant information about the alleged rapes to counsel for the defendants and the appropriate authorities.

■ Additionally, the court must construe the pleadings liberally, and mere vagueness or lack of detail alone will not constitute sufficient grounds to dismiss a complaint. *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir.1985). Furthermore, the complaint need not specify the correct legal theory nor point to the right statute to survive a Rule 12(b) motion to dismiss. *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (1992). The complaint, however, will be dismissed if the plaintiff cannot prove the facts upon which the sought after legal relief is to be granted. *Ross v. Creighton Univ.*, 957 F.2d 410, 413 (7th Cir.1992). The complaint must state either direct or inferential allegations to establish the necessary elements for recovery under the chosen legal theory. *Glatt v. Chicago Park District*, 847 F.Supp. 101, 103 (N.D.Ill.1994).

■ Minor plaintiffs' claims against private defendants are asserted under 42 U.S.C. § 1983. To state a cause of action under § 1983, a plaintiff must allege sufficient facts to establish the following two elements: (1) that the defendants were acting under color of state law, and (2) that their conduct deprived the plaintiffs of rights secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912–13, 68 L.Ed.2d 420 (1981); *Procopio v. Johnson*, 994 F.2d 325, 328 (7th Cir.1993); *Bowman v. City of Franklin*, 980 F.2d 1104, 1107 (7th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 2417, 124 L.Ed.2d 639 (1993). For purposes of this motion to dismiss, the adequacy of the second element is not contested by private defendants. Instead, they contend that the amended complaint fails to state sufficient allegations to demonstrate the required state action because EHS, Ansari, and Baldwin are all private actors, not state actors. State action [5] is an essential jurisdictional predicate under § 1983, and lack thereof warrants dismissal of the claim. *Sampson v. Village Discount Outlet, Inc.*, 832 F.Supp. 1163, 1167 (N.D.Ill.1993).

■ Generally, the protections of § 1983 do not extend to private conduct violating individual rights no matter how abhorrent the conduct may be. *National Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191, 109 S.Ct. 454, 461–62, 102 L.Ed.2d 469 (1988). A private individual, however, may be subject to § 1983 liability if such individual acted under color of state law by exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941). Section 1983 "liability attaches only to those wrongdoers 'who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it.' " *National*, 488 U.S. at 191, 109 S.Ct. at 461 (quoting *Monroe v. Pape*, 365 U.S. 167, 172, 81 S.Ct. 473, 476, 5 L.Ed.2d 492 (1961)). Accordingly, in order to subject a private person to § 1983 liability, "the misconduct must have been directed by the State of Illinois." *Tunca v. Lutheran General Hospital*, 844 F.2d 411, 413 (7th Cir.1988) (citing *Monroe*, 365 U.S. at 184–88, 81 S.Ct. at 482–85).

■ Examination of the amended complaint reveals that EHS, Ansari, and Baldwin are indeed private parties, not employees of DCFS or of any other state agencies. While one's private party status itself is not dispositive of whether one acted under color of law, *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351, 95 S.Ct. 449, 453–54, 42 L.Ed.2d 477 (1974), the facts of this case do not warrant a deviation from the general rule that a private actor is not subject to § 1983. Merely placing displaced children in a group facility does not convert the owner of the facility into a state actor, just as foster parents and relatives of the abusive parents who take physical custody of neglected and abused children do not become state actors.

■ The court recognizes that there are three exceptions to the general rule regarding the applicability of § 1983 to private activities. Nonetheless, those exceptions can-

---

**5.** The Seventh Circuit Court of Appeals has defined the phrase "acting under color of state law" to also mean "state action." *Thomas v.*

*Pearl*, 998 F.2d 447, 450 (7th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 688, 126 L.Ed.2d 655 (1994).

not be invoked in this case. First, an otherwise private actor is deemed a state actor if there exists "a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may fairly be treated as that of the State itself." *Id.* One avenue for establishing the required nexus is to show that the powers and authorities the private party exercised are "traditionally the exclusive prerogative of the State" *Id.* at 353, 95 S.Ct. at 454–55. Additionally, the required nexus may be established by demonstrating that the subject conduct of a private party flowed from the State's delegation of its public powers and duties to the former. *West v. Atkins,* 487 U.S. 42, 54–55, 108 S.Ct. 2250, 2258–59, 101 L.Ed.2d 40 (1988); *Spencer v. Lee,* 864 F.2d 1376, 1379 (7th Cir.1989), *cert. denied,* 494 U.S. 1016, 110 S.Ct. 1317, 108 L.Ed.2d 493 (1990). A mere assertion that a private party is regulated by the State, however, is insufficient to show the required nexus. *Tunca,* 844 F.2d at 413. Likewise, the State's monetary support and funding of a private entity's activities, standing alone, are not enough to prove the required nexus to establish that a private entity acted under color of law. *Blum v. Yaretsky,* 457 U.S. 991, 1011, 102 S.Ct. 2777, 2789, 73 L.Ed.2d 534 (1982).

Second, a private entity may be subject to § 1983 liability if the State has exercised coercive power or provided significant overt or covert encouragement such that the acts of the private entity must constitute state action. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 166, 98 S.Ct. 1729, 1738–39, 56 L.Ed.2d 185 (1978). However, the State's mere acquiescence in the private party's conduct by silence is not enough to prove encouragement. Rather, the plaintiff must adduce sufficient facts to show that the State affirmatively assisted, encouraged, or directed the private party to engage in the challenged activity to invoke the protection of § 1983. *Id.* at 164, 98 S.Ct. at 1737–38; *see also Tunca,* 844 F.2d at 413.

Third, a private party may be considered a state actor for purposes of § 1983 if the private party wilfully participates in a conspiracy with the State or with

one of its employees to commit the challenged conduct. *Dennis v. Sparks,* 449 U.S. 24, 27, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980); *Bowman,* 980 F.2d at 1107. To state a § 1983 liability under this theory, the complaint must contain a factual basis for the conspiracy. *Id.* A mere conclusory allegation that the private individual and the State conspired is insufficient. *Id.*

In sum, to address the applicability of § 1983 to private activities, the court must ask whether "the State provided a mantle of authority that enhanced the power of the harm-causing [private] actor." *National,* 488 U.S. at 192, 109 S.Ct. at 462. If the answer is in the affirmative, the private actor may be subjected to § 1983 liabilities.

In the instant action, the answer is in the negative. None of the exceptions to the general rule that a private actor is not subject to § 1983 liability is available to minor plaintiffs. First, the extent of the nexus between the State of Illinois and the alleged misconduct of private defendants is a service contract procured by DCFS and certain regulations applicable to facilities such as Memorial Home. The service contract, however, does not link the State of Illinois to the challenged actions of private defendants. Second, there are no allegations in the complaint to demonstrate that the State of Illinois, through DCFS, directed private defendants to commit the alleged wrongdoing or to show that the State controlled, operated, or owned Memorial Home. Third, the complaint does not contain any factual basis for the court to infer that there was an agreement or a conspiracy between the State of Illinois and private defendants to infringe the rights of minor plaintiffs.

Minor plaintiffs argue that there is a symbiotic relationship between DCFS and private defendants because every aspect of private defendants' activities are regulated and thus DCFS possessed regulatory control over them. The Seventh Circuit has, however, pronounced that regulatory control is insufficient to establish the type of control necessary to bring a private actor within the scope of § 1983. *See Tunca,* 844 F.2d at 413. It is also of no moment that DCFS employ-

ees routinely visited Memorial Home to enforce the applicable regulations. For instance, it is commonly known that the fish industry is heavily regulated and health inspectors are routinely dispatched to enforce the health regulations, but these factors do not lead to the conclusion that fishermen are state actors. "Other institutions such as banks, insurance companies, railroads, barber shops, and restaurants are regulated in some aspect by the state. However, for purposes of § 1983, state regulation does not necessarily command a finding of 'state action' status." *Id.*

■ Minor plaintiffs also attempt to show the required nexus by showing that caring for abused and neglected children is a traditionally exclusive function of the State. In support, minor plaintiffs contend that under Illinois law, DCFS has the exclusive responsibility of caring for and protecting abused and neglected children in its custody. Minor plaintiffs further argue that the State also has ancient equitable jurisdiction to insure that infants are not abused and neglected. Both of these contentions are well established by Illinois statutes and case law. *See generally* 705 ILCS 405/1–3(9) (1993); *In re J.J.*, 142 Ill.2d 1, 153 Ill.Dec. 239, 243, 566 N.E.2d 1345, 1349 (1991); *People ex rel. Houghland v. Leonard,* 415 Ill. 135, 112 N.E.2d 697, 699–700 (1953). Private defendants do not contest that the State of Illinois has historically acted on behalf of minors to protect their personal and property interests. They do, however, disagree on the issue of whether it is the exclusive function of the State to care for children who are *adjudicated* to have been abused and neglected.

In determining whether the State of Illinois has the exclusive responsibility, an examination of the Juvenile Court Act of 1987 ("Act"), 705 ILCS 405/1–1, *et seq.* is helpful. The court agrees that when a minor is placed in the custody of DCFS that it has the exclusive responsibility of physical possession of the minor and the duty to protect him or her. 705 ILCS 405/1–3(9). Indeed, the Act requires that when one becomes a legal custodian of a minor, the custodian must bear the responsibility of physical possession of the minor and the duty to protect him or her.

*Id.* The critical issue for purposes of § 1983, however, is whether DCFS, under Illinois law, is the only agency to be awarded legal custody of abused and neglected children for their protection. The Act reveals that DCFS is only one of the potential legal custodians. Other potential custodians permitted to assume the responsibility to care for abused and neglected children are private child care facilities authorized or licensed by the State of Illinois, close relatives, and natural parents not involved in the act of abuse or neglect. *See* 705 ILCS 405/2–10(2), 2–27. Thus, it may be true that the State of Illinois has historically fought for the rights of minors, but it is not the exclusive function of the State to care for and protect minors who are adjudicated to be abused and neglected by their natural parents. Close relatives, other suitable individuals, and private organizations may serve as legal custodians of abused and neglected children who will then bear the burden of the duty to adequately protect them. Accordingly, the complaint fails to demonstrate that private defendants were performing acts that are traditionally exclusive state functions.

■ The second exception to the general rule does not apply to the instant matter. Minor plaintiffs argue that DCFS encouraged private defendants' actions of neglect. In support, minor plaintiffs emphasize those allegations of DCFS' failure to intervene and to remedy private defendants' neglectful activities despite its knowledge of the harmful environment minor plaintiffs were exposed to while at Memorial Home. Allegations of inaction on the part of DCFS, however, do not equal affirmative encouragement or direction to commit the challenged conduct. The complaint lacks allegations that DCFS affirmatively, overtly or covertly, encouraged private defendants to ignore the security hazards, to neglect proper nutrition, or to commit other wrongdoings. Pursuant to the various principles discussed, DCFS' alleged lack of intervention as stated in the complaint amounts to nothing more than acquiescence of private defendants' conduct and, therefore, not enough to convert private defendants into state actors.

Lastly, minor plaintiffs' allegations are insufficient to support the conspiracy exception to the general rule. In support of the conspiracy theory, minor plaintiffs rely on conclusory allegations devoid of any supporting factual basis. They argue that top ranking officials of DCFS failed to take remedial actions to protect the minor plaintiffs even though they were repeatedly advised of the abhorrent conditions· at the Memorial Home. They also accuse the staff members of EHS of mismanaging funds intended to be used for minor plaintiffs. These contentions and bald accusations are inadequate to establish that private defendants wilfully participated in DCFS' or its employees' scheme to engage in certain planned conduct to deprive the minor plaintiffs of their constitutional rights. Furthermore, the allegations do not even suggest that there was ever a "meeting of the minds" between DCFS and private defendants to harm minor plaintiffs. *Sparkman v. McFarlin*, 601 F.2d 261, 268 (7th Cir.1979) *(per curiam)*. Therefore, minor plaintiffs fails to allege a factual basis for the court to infer an existence of a collusion between DCFS and private defendants to convert private defendants into state actors.

In sum, private defendants are private parties who merely contracted with DCFS to provide certain services. The nature of this relationship is not sufficiently close to convert private defendants into state actors for purposes of § 1983. However, the court in holding that private defendants are not subject to § 1983 liability does not necessarily mean that they are not liable under other theories of recovery.[6]

### CONCLUSION

For the foregoing reasons, the motion of private defendants to dismiss the first amended complaint to the extent that it is directed against them is granted.

IT IS SO ORDERED.

---

[6] Minor plaintiffs in their amended complaint do not allege other theories of recovery against private defendants.