David A. NOWICKI and Daniel E. Pettegrew, Plaintiffs–Appellants,

v.

Honorable John M. ULLSVIK, Circuit Court Judge, Jefferson County, personally and in his official capacity, and Raymond E. Krek, Attorney, Defendants–Appellees.

No. 94–1409.

United States Court of Appeals, Seventh Circuit.

Submitted June 29, 1995.*

Decided Nov. 7, 1995.

eight hour periods of time? That is the kind of situation that would force us to resolve the doctrinal tension noted here.

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record.

David A. Nowicki (submitted), Waukesha, WI, pro se.

James H. McDermott, Asst. Atty. Gen., Wisconsin Department of Justice, Madison, WI, for John M. Ullsvik.

James E. Bartzen, Boardman, Suhr, Curry & Field, Madison, WI, for Raymond E. Krek.

Before CUMMINGS, COFFEY and ROVNER, Circuit Judges.

CUMMINGS, Circuit Judge.

Jefferson County, Wisconsin, Circuit Court Judge John Ullsvik issued an order preventing David Nowicki, one of the founders of "Divorced Dads Against Discrimination" ("DDAD"), from representing Daniel Pettegrew, another DDAD member, in state court litigation concerning Pettegrew's prior divorce decree.[1] Raymond Krek, counsel for Pettegrew's ex-wife, objected to Nowicki's participation in the proceedings as a "paralegal" because it constituted practicing law without a license. See Wis. Stat. § 757.30. As a result, Judge Ullsvik issued an order that placed limits on the activities of Pettegrew's assistant. Nowicki claims that Judge Ullsvik and Krek thereby violated his constitutional rights to due process and equal protection, and his rights under the Contracts Clauses of the United States and Wisconsin Constitutions. He also contends that Wis. Stat. § 757.30, which prohibits the practice of law without a license, is unconstitutional. He seeks monetary damages and injunctive and declaratory relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201–02.

---

1. Pettegrew, Nowicki's co-plaintiff-appellant, is no longer a party to this appeal. Nowicki had signed the notice of appeal on Pettegrew's behalf. This Court provided Pettegrew a chance to provide a notice of appeal signed by himself or by counsel. See *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 829 (7th Cir.1986). However, instead of filing a signed notice of appeal, Pettegrew moved for an extension of time. In an order dated August 23, 1995, Pettegrew's motion was denied because his reason for requesting additional time was insufficient, and the appeal was dismissed with respect to him.

Our description of the facts derives from Nowicki's complaint. According to Nowicki, some DDAD members provide paralegal services for other members by demystifying and simplifying the law for non-lawyers, assembling cases and documents, preparing motions and otherwise assisting them with their attorneys. Nowicki provides these "para-legal" services to DDAD members such as Pettegrew for $40 per hour. (He states in his appellate brief that he now charges $65 per hour.) Nowicki's services extend to participation in the courtroom. Although he asserts that he "does not represent members, they represent themselves," he petitions the court for leave "to speak on their behalf" if they are inarticulate. (R. 2 at ¶¶ 25, 38.) He contends that attorneys often have non-attorney assistants by their side in court, and therefore that his *pro se* clients should have the right to similar assistance.

In his order, Judge Ullsvik recognized that he had the discretion to permit some lay assistance during the proceedings, but that Pettegrew did not have the right to be *represented* by a lay person. He allowed Pettegrew to have an assistant under limited conditions to avoid the unlicensed practice of law in his courtroom.[2] These conditions would be enforced on pain of contempt. Nowicki alleges that he now faces incarceration or heavy financial penalties if he charges Pettegrew for his in-court services. He adds that since he could not afford to assist Pettegrew in court for free, the order left Pettegrew without his assistance. As far as this Court knows, Pettegrew's state court litigation continues. The parties have not informed us to the contrary.

The district court abstained from deciding the federal claims for injunctive and declaratory relief against Judge Ullsvik because it did not want to interfere with the ongoing state proceedings, and it dismissed Nowicki's

§ 1983 claims for monetary damages against Judge Ullsvik on the grounds of immunity. However, the district court chose to hear Nowicki's request for a declaratory judgment that Wis. Stat. § 757.30, which prohibits the practice of law without a license, was unconstitutional. The court dismissed Nowicki's claims concerning the constitutionality of the statute for failing to state a claim. The court then dismissed the federal claims against Attorney Krek because Nowicki's complaint could not be construed to meet the state action requirement of § 1983. Although Nowicki had attempted to cure this defect by amending his complaint to allege a conspiracy between Judge Ullsvik and Krek, the district court denied the amendment. It found that even if Nowicki had properly alleged a conspiracy, he failed to allege one to deprive him of his constitutional rights. With no remaining federal claims, the district court declined to exercise jurisdiction over the pendent state law claim concerning Wisconsin's Contracts Clause. After the court ended the case, Nowicki sought to amend his complaint. This second attempt at amendment was also denied.

With respect to the injunctive and declaratory relief requested against Judge Ullsvik, the district court properly abstained. *Hoover v. Wagner,* 47 F.3d 845, 850–52 (7th Cir.1995) (affirming denial of non-party's request for declaratory and injunctive relief from state court's injunction). It found that Nowicki, who was not a party to the state court proceeding, had an available remedy through Wisconsin's writ of prohibition. As in *Hoover,* the district court could decline to grant declaratory and injunctive relief on the grounds of "want of equity." *Id.* at 852. The issuance of an injunction pursuant to § 1983 against a judge during the course of litigation, perhaps thereby subjecting the judge to criminal contempt as a result, is reserved "for 'really extraordinary causes.'"

---

2. The court's decision states in pertinent part: The court will, however, allow respondent to be assisted by one non-lawyer of his choice as long as such assistant does not practice law as prohibited by Section 757.30, Wisconsin Statute, and specifically so long as such assistant does not:

a. Communicate with the Court or counsel orally or in writing, directly or indirectly;

b. Charge or receive any compensation or pecuniary award incidental to such assistance;

c. Indicate that he or she represents Respondent; or

d. Conduct himself or herself in a way which is disrespectful to the Court or counsel, disruptive, delaying or undignified.

(R. at 2, Ex. 1.)

*Id.* at 851 (quoting *Pulliam v. Allen,* 466 U.S. 522, 538, 104 S.Ct. 1970, 1978, 80 L.Ed.2d 565 (1984)). This is not such a case. In light of the principles of equity and comity, the district court did not abuse its discretion by abstaining.

■■■ Except to the extent that Nowicki implicitly contended that Judge Ullsvik's order violated his right to equal protection, the district court did not abstain from considerating Nowicki's claims concerning the constitutionality of § 757.30, which prohibits the unlicensed practice of law. Nowicki claims that this statute is both unconstitutionally vague and overbroad and that it violates the rights to equal protection and freedom of association. However, he does not claim that it violates his own constitutional rights, but rather that it violates the rights of the poor, the legally inarticulate and individuals who do not wish to hire an attorney. As this Court pointed out in *Nowicki v. Cooper,* 56 F.3d 782, 784 (7th Cir.1995), in general, "Nowicki cannot enforce the rights of other people as their representative." The district court found that Nowicki had standing apart from Pettegrew's case because he generally alleged that he commonly provided these services. However, the only instance mentioned in the complaint that constitutes a ripe controversy between the parties is Pettegrew's case, for which Pettegrew was present and able to protect his own rights. One might argue that Pettegrew, as a poor man who was unschooled in law and who wanted to retain an unlicensed legal representative, had standing because he suffered the injuries alleged in this portion of the complaint. "The case-or-controversy requirement of Article III is satisfied if one plaintiff has standing to bring the suit." *Doe v. County of Montgomery, Illinois,* 41 F.3d 1156, 1161 n. 4 (7th Cir.1994). However, Pettegrew is no longer part of this appeal. Therefore, we now have a single appellant before us claiming the violation of the rights of another. An Article III case or controversy must exist at all the stages of appellate review. *United States Bancorp Mortgage Co. v. Bonner Mall Partnership,* — U.S. —, —, 115 S.Ct. 386, 389, 130 L.Ed.2d 233 (1994). We therefore decline to review Nowicki's claims that the statute is unconstitutional.

■ The district court also properly dismissed the claims for monetary damages against Judge Ullsvik pursuant to § 1983. Judicial immunity and the Eleventh Amendment bar such claims against Judge Ullsvik in his personal and official capacities respectively. *Nowicki,* 56 F.3d at 783–84. Despite Nowicki's contentions to the contrary, the judge was not engaged in a merely ministerial or administrative act. Judge Ullsvik acted in his judicial capacity by issuing an order to prevent, on pain of contempt, a non-attorney from appearing before him to represent a party.[3]

Next we consider the remaining claims against attorney Krek. The district court properly found that Nowicki's original complaint failed to allege the requisite state action to support his § 1983 claims against Krek. "[M]erely resorting to the courts and being on the winning side of a lawsuit does not make the party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks,* 449 U.S. 24, 28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980). However, on appeal, Nowicki claims that the court below erred by failing to allow him to clear up any defects prior to dismissal. The district court denied the motion to amend, which was filed after the defendants filed their responsive pleadings, on the ground that it "contained nothing more than additional argument in opposition to defendant Krek's motion to dismiss." (R. at 26.) In its final order, the district

---

**3.** *Mireles v. Waco,* 502 U.S. 9, 11–15, 112 S.Ct. 286, 288–89, 116 L.Ed.2d 9 (1991) (holding that judge was entitled to judicial immunity for claims resulting from judge ordering police officers to seize attorney and force him to appear); see Wis. Stat. § 757.30(1) (stating that practicing law before court without a license could result in certain penalties, "and in addition may be punished as for contempt."); see also *In Interest of E.C.,* 130 Wis.2d 376, 387 N.W.2d 72, 76 (1986) (discussing inherent authority of court to protect efficiency and orderly functioning and to promulgate rules for practice); *cf.* also *Littleton v. Langlois,* 37 Wis.2d 360, 155 N.W.2d 150, 152 (1967) (holding that although objectives of small claims procedure allowed judge to permit persons who were neither attorneys nor parties to represent others, trial court would abuse its discretion if appearance constituted practice of law to prohibited degree).

court explained that the attempt to amend the complaint would have been futile because the additional § 1985 claims also failed.

■ Amending the complaint would be futile. To the extent that the complaint as amended would still fail to allege a claim pursuant to § 1985(2) and (3), we agree. The amended complaint would allege that the purpose of the conspiracy was motivated for economic and professional purposes. It would therefore fail to meet the somewhat narrower standard of a racial or otherwise class-based invidious discriminatory animus required to state a claim under 42 U.S.C. § 1985(2) (second clause), (3). *D'Amato v. Wisconsin Gas Co.,* 760 F.2d 1474, 1486 (7th Cir.1985) (holding that handicapped do not form class within scope of § 1985(3)); see *Wright v. Illinois Dep't of Children & Family Serv.,* 40 F.3d 1492, 1507 (7th Cir.1994); *Hossman v. Blunk,* 784 F.2d 793, 797 (7th Cir.1986). Furthermore, in relation to his § 1983 claim of discrimination, although he alleges that the defendants are selfishly and maliciously pursuing an anti-DDAD agenda, see *Esmail v. Macrane,* 53 F.3d 176, 179–80 (7th Cir.1995), Judge Ullsvik did not issue his order for reasons wholly unrelated to a legitimate state objective. The judge sought to prevent the unauthorized practice of law in his courtroom, which both violates Wisconsin law and poses serious concerns for judicial economy. A *pro se* litigant has interests in being able to represent himself that counterbalance the State's interests in the clear and efficient presentation of legal arguments. However, these countervailing interests in favor of permitting *pro se* representation are not equally served by the unlicensed representation by another person who has not demonstrated his mastery of the law by the means established by the state. Cf. *Lewis,* 784 F.2d at 830. Nowicki points out that attorneys often have para-legals by their side. However, Judge Ullsvik did not prohibit Pettegrew from having assistance at the counsel table. He prevented the assistant from operating as Pettegrew's representative before the court. Nowicki does not allege that courts often allow similarly situated attorney's assistants to speak on behalf of the clients in court. In sum, Nowicki fails to state a claim for the denial of equal protection.

■ The district court properly dismissed Nowicki's other claims against Krek. Nowicki contends that the actions of Krek and Judge Ullsvik deprived him of his right to "hold specific private employment and to follow a chosen profession" as protected by the Fifth and Fourteenth Amendments. The due process clause of the Fourteenth Amendment protects "one's liberty to follow a trade or occupation, as well as the property interests one may acquire in a particular job, from certain kinds of state infringement." *Bernard v. United Township High School Dist. No. 30,* 5 F.3d 1090, 1092 (7th Cir.1993). However, although the court order allegedly deprived Nowicki of this chance to pursue his liberty interest in his "occupation," "[s]tate actions that exclude a person from one particular job are not actionable in suits ... that are brought directly under the due process clause." *Id.;* cf. *Nowicki,* 56 F.3d at 785. Furthermore, he demonstrates no legitimate claim of entitlement to the continuation of this at-will contract, and therefore no protectable property interest permitting redress directly under the Constitution. Cf. *Bernard,* 5 F.3d at 1093 (holding that oral contracts to sell prints as property right, which did not create legitimate claim of entitlement, did not create protectable liberty interest); *Mitchell v. Glover,* 996 F.2d 164, 167 (7th Cir.1993); (see R. 2 at ¶ 24 ("They purchase the amount of paralegal time they can afford and/or need.")).

■ Nowicki also claims that the defendant's actions violated the Contracts Clause of the United States Constitution, Art. I, § 10, cl. 1, which states that "No State shall ... pass any ... Law impairing the Obligation of Contracts...." "The short answer to this contention is that this provision, as its terms indicate, is directed against legislative action only." *Barrows v. Jackson,* 346 U.S. 249, 260, 73 S.Ct. 1031, 1037, 97 L.Ed. 1586 (1953).

■ With no federal claims remaining, the district court properly dismissed the pendent state law claims concerning Wisconsin's

Contracts Clause.[4] *NLFC, Inc. v. Devcom Mid–America, Inc.,* 45 F.3d 231, 236 (7th Cir.), certiorari denied, —— U.S. ——, 115 S.Ct. 2249, 132 L.Ed.2d 257 (1995). Since Nowicki has failed to successfully win relief from the district court's judgment, the district court's refusal to allow him to add additional anti-trust claims after the entry of judgment appears appropriate. *Vicom v. Harbridge Merchant Servs., Inc.,* 20 F.3d 771, 784 (7th Cir.1994) (stating that court is not required to consider post-judgment motion to amend complaint until after plaintiff has filed a motion to vacate judgment and judgment has been lifted).

We deny Nowicki's request that the representative of the Wisconsin Attorney General be disqualified because defending a public official accused of unconstitutional conduct is a conflict of interest with its duty to investigate improper conduct on behalf of the people of Wisconsin. The Wisconsin legislature has authorized the Attorney General under some circumstances to defend a state employee in civil litigation surrounding any act growing out of the state employee's lawful duties. See Wis. Stat. § 165.25(1), (6). We decline to adopt a rule stating that counsel for a state (or federal) department of justice may never defend a government employee.

Krek's request for sanctions against Nowicki pursuant to Fed.R.App.P. 38 for frivolousness is denied.

AFFIRMED.

---

**4.** Although we found no cases on point, Wisconsin appears to interpret its Contracts Clause similarly to its federal counterpart, and therefore would be limited to legislative action. See *Wisconsin ex rel. Cannon v. Moran,* 111 Wis.2d 544, 331 N.W.2d 369, 374 (1983) ("[T]he scope of the clause is limited to legislation that retrospectively impairs the obligations of contract."); *Will of Allis,* 6 Wis.2d 1, 94 N.W.2d 226, 230 (1959) (saying that if state supreme court reverses prior common law rule and applies new rule to prior contract rights, it would not "amount to the passing of a law impairing the obligation of contract.").