Kenneth R. TERPENING II, Plaintiff,

v.

Michael Brett IRVING,
et al., Defendants.

No. 02–3109.

United States District Court,
C.D. Illinois,
Springfield Division.

Sept. 25, 2002.

Kenneth R. Terpening, General Delivery, Pleasant Hill, IL, Pro Se.

Karen L. McNaught, Office of Attorney General, Springfield, IL, Benjamin R. Schmickle, Burroughs, Hepler, Broom, MacDonald, Hebrank & True, Edwardsville, IL, for Defendants.

## OPINION

RICHARD MILLS, District Judge.

A serial litigant in the making.

Plaintiff is forewarned.

This Court will not tolerate meritless, repetitive, or vexatious suits.

Motion to dismiss allowed.

## I. BACKGROUND

Plaintiff Kenneth R. Terpening II has filed the above-captioned case, pursuant to 42 U.S.C. § 1983, alleging that certain current and former government officials, along with certain employees of a shelter for abused women, have engaged in "mischief, mayhem, domestic terror, [and] attempted murder." In his Complaint, Terpening alleges that his claim arises out of the former Pike County State's Attorney's handling of a criminal case (and the events which subsequently transpired) in which a "political lackey" allegedly molested his [Terpening's] children. Terpening's Complaint also includes allegations that Defendants have fabricated criminal charges against him, have sought and received bogus orders of protection against him, have robbed him, have planted evidence in order to incriminate him, and have engaged in conduct aimed at driving him to commit suicide as they have with others.

In support of this Complaint, Terpening has attached documents from seven separate state court cases which he has filed against various Defendants and documents concerning a complaint which he has made to the Illinois Judicial Inquiry Board. All of the attached documents arise out of the same sequence of events of which Terpening now complains in support of his § 1983 action.

In response, Defendants Marla Ferguson, Brandi Sheppard, and Pat Waters have filed a motion asking the Court to dismiss Terpening's Complaint, pursuant

to Federal Rule of Civil Procedure 12(b)(6), for failure to state a cause of action upon which relief can be granted against them. Ferguson, Sheppard, and Waters each note that Terpening's Complaint fails to make a single reference to any act of omission or commission committed by them which allegedly deprived him of a Constitutional right. In fact, Ferguson, Sheppard, and Waters point out that the Complaint does not mention them at all except for including them in the caption of the case. Accordingly, Ferguson, Sheppard, and Waters ask the Court to dismiss this case against them.

Likewise, Defendants Judge Richard D. Greenlief and Judge Michael R. Roseberry have filed a motion asking the Court to dismiss Terpening's Complaint against them for failure to state a cause of action upon which relief can be granted. In addition, Judges Greenlief and Roseberry argue that Terpening's claim against them is barred by the doctrine of judicial immunity, by the doctrine of *res judicata*, and by the Eleventh Amendment. Accordingly, Judges Greenlief and Roseberry ask the Court to dismiss this case against them for one or all of these reasons.

Finally, the other Defendants named as parties in this case by Terpening have not responded, in any way, to his Complaint. However, the Court finds no evidence in the record to establish that Terpening has effected proper service of process upon them.[1] In any event, the Court's holding in this Order applies equally to all Defendants.

## II. LEGAL STANDARD FOR MOTIONS TO DISMISS

In ruling on a motion to dismiss, the Court "must accept well pleaded allega-

tions of the complaint as true. In addition, the Court must view these allegations in the light most favorable to the plaintiff." *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir.1987). Although a complaint is not required to contain a detailed outline of the claim's basis, it nevertheless "must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984). Mere conclusions, without supporting factual allegations, are insufficient to support a claim for relief. *Cohen v. Illinois Inst. of Tech.*, 581 F.2d 658, 663 (7th Cir.1978). Dismissal should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## III. ANALYSIS

■ The grounds upon which to dismiss Terpening's Complaint are legion. Although the Federal Rules of Civil Procedure employ a notice pleading standard, Fed. R. Civ. Pro. 8(a)(2), and although *pro se* pleadings must be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), even *pro se* complaints must contain factual allegations sufficient to show a violation or deprivation of a civil right. *See Palda v. General Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir.1995)(holding that "a complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6).").  Terpening's incoherent ram-

---

1.  Terpening has not filed a response(s) to any of the pending motions to dismiss although both United States District Judge Jeanne E. Scott and United States Magistrate Judge Byron G. Cudmore each instructed him to do so and also informed him of the consequences of his failure to file a response(s).

bling fails to satisfy the Federal Rule's requirements.

*First,* Terpening mentions only one Defendant by name (*i.e.,* Michael Brett Irving) in his Complaint. Thus, it is unclear how, if at all, any of the other Defendants have wronged him.

■ *Second,* Terpening has failed to identify the Constitutional right of which Defendants allegedly deprived him.[2] In order to maintain a suit under 42 U.S.C. § 1983, a would-be plaintiff must show "that the conduct complained of (1) 'was committed by a person acting under color of state law' and (2) 'deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Yang v. Hardin,* 37 F.3d 282, 284 (7th Cir.1994), *quoting Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled in part on other grounds by Daniels v. Williams,* 474 U.S. 327, 331–32, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Here, Plaintiff has failed to allege sufficient coherent facts to establish either element.

Accordingly, the Court finds that Defendants cannot reasonably file an Answer to Terpening's Complaint and also finds that Terpening's Complaint fails to state a cause of action upon which relief can be granted. Therefore, Terpening's Complaint is dismissed pursuant to Rule 12(b)(6).

■ Furthermore, and perhaps more importantly, Terpening's Complaint is barred by the doctrine of *res judicata* (claim preclusion). As is evident from the documents attached to his Complaint, Terpening has previously litigated (and lost

according to Defendants) in state court the claims arising from the sequence of events which form the basis for the instant Complaint. *See Perry v. Globe Auto Recycling, Inc.,* 227 F.3d 950, 952 (7th Cir.2000)(listing the three elements necessary to establish federal claim preclusion). As such, claim preclusion "bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action." *Brzostowski v. Laidlaw Waste Sys., Inc.,* 49 F.3d 337, 338 (7th Cir.1995).

■ In addition, to the extent that Terpening is alleging that his injury was inflicted by a state court's decision or, more specifically, by a decision of Judge Greenlief and/or Judge Roseberry, his claim is barred by the *Rooker–Feldman* doctrine. "This doctrine stands for the principle that decisions of state courts may not be challenged in litigation under § 1983; instead the aggrieved party must pursue all remedies through the state system and then seek certiorari under 28 U.S.C. § 1257." *Durgins v. City of East St. Louis, Illinois,* 272 F.3d 841, 844 (7th Cir.2001). If this is Terpening's claim, then this Court lacks subject matter jurisdiction over this case, and the case must be dismissed. *See Jensen v. Foley,* 295 F.3d 745, 747–48 (7th Cir.2002)(discussing the similarities and differences between the *Rooker–Feldman* doctrine and claim preclusion and noting that a district court lacks subject matter jurisdiction if *Rooker–Feldman* applies).

■ Finally, to the extent that Terpening is suing Judge Greenlief and Judge Roseberry in their official capacities, his

---

2. While it is true that an argument could be made that Terpening has identified a deprivation of his liberty interest under the Fourteenth Amendment as the Constitutional right of which Irving deprived him, Terpening has not tendered this argument, and the Court is not required to make his arguments for him.

*See Friedel v. City of Madison,* 832 F.2d 965, 969 (7th Cir.1987)(holding that a court is not required to make arguments the parties fail to make). In any event, Terpening has not sufficiently supported such a claim with any relevant factual allegations.

 

suit is barred by the Eleventh Amendment. *See Nowicki v. Ullsvik*, 69 F.3d 1320, 1324 (7th Cir.1995)(holding that "Judicial immunity and the Eleventh Amendment bar such claims against Judge Ullsvik in his personal and official capacities respectively."). Moreover, the doctrine of judicial immunity bars this suit against Judges Greenlief and Roseberry in their individual capacities. *Id.* Thus, Defendants' motion to dismiss is welltaken.

One final caveat is necessary. As the Court noted *supra*, Terpening has filed at least seven separate state court cases arising from the same set of facts and circumstances which form the basis for his Complaint in this case. Terpening's conduct prompted two Defendants to move for sanctions pursuant to Federal Rule of Civil Procedure 11. Although it denied the motion, the Court emphasized to Terpening that he should not interpret the denial of the motion for sanctions as an indication that the Court approves of or condones his litigiousness.

The Court underscores this point again. If Terpening continues to file meritless, harassing, oppressive, redundant, vexatious, and repetitive law suits against these or other Defendants, he may rest assured that this Court, other federal courts, and state courts possess the power to sanction him monetarily (*see* Fed. R. Civ. Pro. 11 and Ill. S.Ct. R. 137), to impose an injunction against him (*see Sassower v. American Bar Ass'n*, 33 F.3d 733 (7th Cir.1994)), to hold him in civil contempt (*see Sassower v. Sheriff of Westchester County*, 824 F.2d 184, 186 (2d Cir.1987)), and/or to hold him in criminal contempt. *See id.* Terpening should considered himself forewarned.

*Ergo,* Defendant Marla Ferguson's Motion to Dismiss, Defendant Brandi Sheppard's Motion to Dismiss, Defendant Pat Waters' Motion to Dismiss, and Defendants Judge Richard D. Greenlief and Judge Michael R. Roseberry's Motion to Dismiss are ALLOWED. Accordingly, Plaintiff's Complaint is, hereby, DISMISSED WITH PREJUDICE.