**Dean A. ASAD, Plaintiff–Appellant,**

v.

**ARAB BANK, PLC, et. al., Defendants–Appellees.**

No. 04–2931.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 12, 2004.*

Decided Nov. 12, 2004.

Before COFFEY, ROVNER, and SYKES, Circuit Judges.

ORDER

In this *pro se* appeal, Dean Asad contends that the district court erred in dismissing his daughter and granddaughter's claim that Arab Bank, PLC, and several unidentified employees converted funds deposited with the bank. We dismiss for lack of appellate jurisdiction.

Asad's daughter, Mae, alleges in a second amended complaint that in December 2003 the bank withdrew $9,998 from her account and refused to return most of the money. Mae had been using the account funds to support herself and her minor daughter, Maya Sallal, and the complaint includes a number of claims on behalf of Mae and the child, including racketeering, *see* 18 U.S.C. § 1964; illegal wiretapping, *see* 18 U.S.C. § 2520; violations of federal criminal law; endangering the welfare of a

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

minor; and intentional infliction of emotional distress. Asad's sole connection to the case is his purported role as "Grandfather, Guardian, and Custodian of the interests of Maya R. Sallal, Minor Child."

The district court dismissed the action for failure to state a claim. In response Asad filed a notice of appeal, purportedly on behalf of Mae and Maya. But the notice is signed only by Asad, and when we docketed the appeal we identified him in the case caption as the sole appellant. Asad then filed a motion in this court asking that Mae and Maya be added as appellants. By order dated August 24, 2002, a motions judge declined to do so because Asad alone had signed the notice of appeal. The motions judge observed that Asad, a nonlawyer, could not "purport to sign documents on behalf of other appellants," *see* *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir.2001), and thus was the only conceivable appellant. At the same time, however, the motions judge denied the bank's separate motion to bar Asad entirely from participating in the appeal, but did so without prejudice to the bank renewing its argument to the merits panel.

The bank indeed presses its point that Asad has no role in this appeal, and we agree. Asad was never a party to the lawsuit filed by his daughter and granddaughter, nor has he ever asserted that his own interests were affected by the alleged conduct of the bank. Instead, Asad has always made explicit that his only connection to the litigation has been his role as "Guardian and Custodian of the interests" of his granddaughter. Thus, Asad is not a proper appellant. *Marino v. Ortiz*, 484 U.S. 301, 304, 108 S.Ct. 586, 98 L.Ed.2d 629 (1988). Moreover, regardless whether Asad's purported guardianship over Maya has been formally recognized, he is not a lawyer and cannot represent the interests of any other litigant, *Nowicki v. Ullsvik*, 69 F.3d 1320, 1325 (7th Cir.1995), and so

his signature on the notice of appeal was ineffective to confer appellate jurisdiction as to Mae and Maya, *cf.* Fed. R.App. P. 3(c)(2) (a *party to* a *pro se* lawsuit may file a notice of appeal on behalf of himself and his spouse and minor children). And, finally, Asad cannot salvage this appeal by claiming that Mae assigned her interest in the litigation to him; the "assignment" was executed *after* the motions judge had ruled that Mae was not a party to this appeal, so if it has any effect at all, *cf.* 28 U.S.C. § 1359 (district courts lack jurisdiction over any "civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court"); *Dakuras v. Edwards*, 312 F.3d 256 (7th Cir. 2002), the assignment surely did not validate a defective notice of appeal that Asad filed months before the assignment was executed.

DISMISSED.